BENJAMIN B. WAGNER
United States Attorney
KATHLEEN A. SERVATIUS
JEFFREY A. SPIVAK
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 1:13-CR-00231-LJO |
| v. | STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON |
| TERRILL EUGENE BROWN, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the United States of America and petitioner JPMorgan Chase Bank, N.A. ("Chase"), to compromise and settle their interest in the following property[1], and to stipulate and consent to the entry of a Final Order of Forfeiture as to the following property pursuant to 21 U.S.C. § 853 and 31 U.S.C. § 5317(c)(1):

a) Approximately $12,497.53 seized from Tucoemas Federal Credit Union, Account: 113771004/489738, plus accrued interest,

b) 2007 BMW M6, VIN: WBSEK935X7CS32781,

c) 2011 BMW X5 M, VIN: 5YMGY0C5XBLK26800 (hereafter the "2011 BMW X5"),

d) 2007 BMW M6, VIN: WBSEK93597CS32920,

e) Approximately $95,976.75 seized from Pershing LLC Account HW8-828073, plus accrued interest,

f) Approximately $4,024.90 seized from Pershing LLC Account HW8-827034, plus accrued interest,

---

[1] Chase only claims an interest in the 2011 BMW X5 (as defined herein).

1

Stipulation for Final Order of Forfeiture
and Order Thereon

g) Approximately $4,930.58 seized from Pershing LLC Account HW8-827026, plus accrued interest, and

h) Approximately $64,984.14 seized from Nationwide Life Insurance Company, Account 01-6223215, plus accrued interest,

This stipulation for Final Order of Forfeiture is entered into between the parties pursuant to the following terms:

1. On or about June 19, 2014, defendant Terrill Eugene Brown entered a plea of guilty to Count Two of the Indictment which charges him with Distribution and Dispensing of a Controlled Substance and Causing an Act to Be Done in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2; and Count Twenty-Seven which charges him with Structuring Transactions to Evade Reporting Requirements in violation of 31 U.S.C. § 5324(a)(3). On June 19, 2014, a Waiver, Consent, and Stipulation to Forfeiture was filed wherein Cassandra E. Brown, wife of defendant Terrill Eugene Brown, agreed to forfeit all of her right, title, and interest in the above listed assets. ECF No. 17. The Court entered a Preliminary Order of Forfeiture on July 9, 2014, forfeiting all of defendant Brown's right, title, and interest in all the above-listed assets. ECF No. 21. Pursuant to 21 U.S.C. § 853(n) and 31 U.S.C. § 5317(c)(1)(B), the United States sent direct notice to Chase.

2. Beginning on July 12, 2014, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. A Declaration of Publication was filed on August 21, 2014. ECF No. 23.

3. On September 24, 2014, Chase filed a Petition for Ancillary Hearing claiming an interest in the 2011 BMW X5.

4. No other party or entity has filed a petition asserting an interest in the assets listed above, and the time in which any person or entity may file a petition has expired.

5. The parties hereby stipulate that Chase is a lien holder on the 2011 BMW X5. Chase has a legal right, title, or interest in the 2011 BMW X5, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture as to Terrill Eugene Brown pursuant to Fed. R. Crim. P.

2

Stipulation for Final Order of Forfeiture and Order Thereon

32.2(c)(2) to account for their interest, because such interest was vested in them and/or superior to that of defendant Brown at the time of the commission of the acts which give rise to the forfeiture of the 2011 BMW X5. *See* 21 U.S.C. § 853(n) and 31 U.S.C. § 5317(c)(1)(B). The parties further stipulate, however, that Terrill Eugene Brown may have an ownership interest in the 2011 BMW X5 and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

6. The parties agree that the sale of the 2011 BMW X5 shall be handled by the Internal Revenue Service ("IRS") in a commercially reasonable manner. The IRS shall have sole authority to select the means of sale for the 2011 BMW X5.

7. The United States agrees that upon entry of this Final Order of Forfeiture and sale of the 2011 BMW X5 pursuant to this Final Order of Forfeiture, the United States will not contest payment to Chase from the proceeds of the sale, after payment of expenses reasonably incurred by the IRS in connection with its custody and sale of the vehicle, the following:

    a. All unpaid principal due to petitioner Chase in the amount of $31,893.13, as of September 24, 2014.

    b. All unpaid interest at the contractual base rate (not the default rate) of 6.99%, from September 24, 2014, until the date of payment.

    c. The exact amount to be paid to Chase shall be determined at the time of payment, but shall not be less than the combined total of the amounts set forth in sections 7(a) and 7(b) above.

    d. To the United States, all net proceeds from the sale of the 2011 BMW X5, after the above disbursements, shall be forfeited to the United States and disposed of as provided for by law.

8. The payment to petitioner Chase shall be in full settlement and satisfaction of all claims and petitions by Chase to the 2011 BMW X5 and of all claims arising from and relating to the seizure and forfeiture of the 2011 BMW X5. The payment to Chase shall not include any penalty payments, including any prepayment penalties, other than the amounts set forth in sections 7(a) and 7(b) above.

9. Chase agrees to assign and convey their respective security or other interests to the United States and to release and hold harmless the United States, and any agents, servants, and employees of the

United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims that currently exist or that may arise as a result of the Government's actions against and relating to the 2011 BMW X5.  As against the United States and its agents, petitioner Chase agrees to waive the provisions of California Civil Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The release given under this paragraph shall apply only to conduct that has or may have occurred up to and including the date on which Chase receives payment under the terms of this agreement.  The waiver by Chase of California Civil Code § 1542 pertains only to the release given by Chase under this agreement as to the subject 2011 BMW X5.

10.   Petitioner Chase agrees not to pursue against the United States any other rights that it may have under the Retail Installment Sale Contract, during the pendency of this proceeding or any post-forfeiture proceeding relating to the sale of the 2011 BMW X5, and any right to assess additional interest or penalties except as specifically allowed herein.

11.   Petitioner Chase understands and agrees that by entering into this stipulation it waives any right to litigate further its ownership interest in the 2011 BMW X5 and to petition for remission or mitigation of the forfeiture of the 2011 BMW X5.  Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Chase shall be excused and relieved from further participation in this action.

12.    Petitioner Chase understands and agrees that the United States reserves the right to void the stipulation if, before payment of the loan, the U.S. Attorney obtains new information indicating that the Chase is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.  The United States also reserves the right, in its discretion, to terminate the forfeiture at any time and release the 2011 BMW X5.  In either event, the United States shall promptly notify Chase of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.

13. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the 2011 BMW X5 to the United States and to implement further the terms of this Stipulation.

14. Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

15. Payment to petitioner Chase pursuant to this Stipulation is contingent upon a forfeiture of the 2011 BMW X5 to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Final Order of Forfeiture.

16. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

17. This stipulation applies only to the asset identified as the 2011 BMW X5 as detailed above. It does not affect any other property subject to forfeiture in this case.

18. The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

Dated:   11/13/2014                        BENJAMIN B. WAGNER
                                           United States Attorney


                                           /s/ Jeffrey A. Spivak
                                           JEFFREY A. SPIVAK
                                           Assistant U.S. Attorney


                                           SOLOMON, GRINDLE, SILVERMAN
                                           & WINTRINGER, APC


Dated:   10/27/14                          /s/ Ashley B. Hennessee
                                           TIMOTHY J. SILVERMAN
                                           HOLLY J. NOLAN
                                           ASHLEY B. HENNESSEE
                                           Attorneys for Petitioner JPMorgan Chase Bank, N.A.


                                           (original signature retained by attorney)

5

Stipulation for Final Order of Forfeiture
and Order Thereon

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

IT IS SO ORDERED.

Dated:   **November 13, 2014**          /s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE